IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:23CR00500 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES ESQUE FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| NATHANIEL L. STURDIVANT, | ) | <u>UNITED STATES OF AMERICA'S</u> |
| | ) | <u>SENTENCING MEMORANDUM</u> |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

Now comes the United States of America, by and through its counsel, Rebecca C. Lutzko, United States Attorney, and Joseph P. Dangelo, Assistant United States Attorney and respectfully submits the following memorandum setting forth the United States of America's position regarding the sentencing for Defendant Nathaniel Sturdivant.

The United States advocates for a sentence of 90 months in the Federal Bureau of Prisons, a period of supervised release, and restitution as requested by the requesting victims.

**I.  FACTUAL BACKGROUND**

The United States believes that the facts underlying this matter are set forth adequately in the final Presentence Investigation Report ("PSR"). The United States highlights the facts below as especially relevant to sentencing in this matter.

The Defendant Nathaniel Sturdivant coordinated a conspiracy along with six others to obtain stolen checks from the United States mail, alter the checks, and deposit them into bank accounts of co-conspirators. (Doc. 119: PSR, PageID 522-523).  Per Inspector Leite from the United States Postal Service, the total intended loss attributed to the conspiracy was

$265,984.68. However, at the time of the change of plea for several of the co-defendants the intended loss was known to be $136,509.92. Overtime, the intended loss grew as more victims came forward during the course of the case.

In addition, Sturdivant obtained stolen identities of five victims and applied for fraudulent Covid-19 Pandemic benefits online while in Ohio from the State of California. (Id., PageID 524). Sturdivant received loaded debit cards from the State of California and withdrew a total of $17,250 from the debit cards. (Id., PageID 524).

## II. PROCEDURAL BACKGROUND

On September 7, 2023, a federal grand jury in the Northern District of Ohio returned a sixteen count indictment against the Defendant for Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. § 1344 and 1349 (Count 1), Wire Fraud, in violation of 18 U.S.C. § 1343 (Counts 2-6), Mail Fraud, in violation of 18 U.S.C. § 1341 (Counts 7-11), and Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1) (Counts 12-16).

The Defendant appeared before this Court on March 18, 2024 and changed his plea to guilty to the indictment without a plea agreement. (Id., PageID 522). The Court ordered a Presentence Investigation Report and sentencing was set for June 27, 2024.

## III. OFFENSE LEVEL COMPUTATION

There was no plea agreement in this case. The PSR calculated the Base Offense Level as being a 7 pursuant to U.S.S.G. § 2B1.1(a)(1). (Id. PageID 527). In addition, the PSR applied a ten- level enhancement for an intended loss of more than $150,000 but less than $250,000 pursuant to § 2B1.1(b)(1)(F). (Id.). The United States Postal Service calculated the intended loss at $136,509.92 at the time of the change of plea for several of the Co-Defendant's which would provide for an eight-level enhancement.

In order to remain consistent with all Defendant's, the United States would request that the eight-level enhancement be utilized in calculating the total offense level.

In addition, a two-level enhancement was applied pursuant to § 2B1.1(b)(2)(A)(i) because the offense involved 10 or more victims. (Id.).

The Defendant complied with the requirements for acceptance of responsibility deductions and the total offense level was calculated in the PSR as being 16. (Id.).

Based on the lower intended loss calculation that the United States proposes being used, the total offense level would be a 14.

The Defendant's criminal history category has been calculated in the PSR to be a category I. (Id., PageID 534). Based on the offense level of 14 and a criminal history category of I, the guideline imprisonment range is 15-21 months. (Id.).

The term of imprisonment for Counts 12-16, Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1) is a mandatory two years that may be imposed concurrently with each other but must be imposed consecutively to any other term of imprisonment. (Id., PageID 413).

The Defendant is not eligible for probation. (Id.).

## IV. ARGUMENT

The United States argues for 90 months in the Bureau of Prisons for the Defendant Sturdivant.

After having calculated the applicable guideline range the Court is required to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, to wit:

> [T]he nature and circumstances of the offense and the history and characteristics of the defendant:

3

>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>> (B) to afford adequate deterrence to criminal conduct;
>
>> (C) to protect the public from further crimes of the defendant; and
>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a). In determining what sentence to impose, the Court is directed to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed [to achieve the purposes of sentencing, cited above];
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established [by the law and the applicable U.S.S.C. Guidelines Manual];
>
> (5) any pertinent policy statement [issued by the U.S.S.C.];
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

*Id.*

The United States would submit that a sentence of 90 months in the Bureau of Prisons would adequately punish the Defendant for these offenses. The Defendant was the king pin of a large check cashing conspiracy that not only stole funds from various victims throughout the Northern District of Ohio but also undermined the public's trust in the United States Postal system.

4

The postal system is a vital and trusted taxpayer funded entity that many Americans rely on to mail goods and currency. It is a vital service to our national economy and national well-being. The Defendant's conspiracy caused blue boxes to be taken out of the communities that use and need the United States Postal service the most.

The Defendant evaded that trust by coordinating a conspiracy with his Co-Defendants to steal checks from the United States mail, alter the checks, and cash them. The Defendant stole money and engaged bank fraud which passed the cost of his crimes onto the consumers.

In a separate spat of criminal activity, the Defendant stole the identities of five people and used those identities to steal money from the State of California. Taking advantage of money needed for Pandemic relief. Again the cost of the Defendant's crimes will be passed on to the taxpayers.

The Defendant is a con-man and bad thief who intended to cause a loss of $265,984.68. A severe sentence of 90 months will send a message to others not to commit similar crimes and will further protect the public.

In light of the foregoing, as well as the information in the detailed PSR, the United States recommends that a sentence of 90 months in the Bureau of Prisons is sufficient but not greater than necessary to achieve the purposes of sentencing.

In addition, the United States would request restitution as requested by the victims' in this case.

                                          **Respectfully submitted,**

                                          **REBECCA C. LUTZKO**
                                          **United States Attorney**

:                                /s/ Joseph P. Dangelo
                                          **JOSEPH P. DANGELO (#0079898)**
                                          Assistant United States Attorney
                                          Northern District of Ohio, Akron Branch
                                          Seiberling Federal Courthouse
                                          Two South Main Street, Suite 208
                                          Akron, OH 44308
                                          (216) 905-0653
                                          (330) 375-5492 (facsimile)
                                          Joseph.Dangelo@usdoj.gov

## CERTIFICATE OF SERVICE

     I hereby certify that on this 20th day of June, 2024, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

                                                              /s/ Joseph P. Dangelo
                                                              **JOSEPH P. DANGELO (#0079898)**
                                                              Assistant United States Attorney