# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO: 5:23-CR-500 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE CHARLES ESQUE FLEMING |
| -vs- | : | |
| | : | |
| NATHANIEL STURDIVANT, | : | **NATHANIEL STURDIVANT'S** |
| | : | **RESPONSE TO GOVERNMENT** |
| Defendant. | : | **SENTENCING MEMORANDUM** |

Nathaniel Sturdivant submits this response to the Government's sentencing memorandum, Dkt. Entry 129, which asks the Court to impose a 90-month prison sentence. That would be an upward variance of nearly 40 months above the high end of the guidelines range as calculated in the PSR, and an upward variance of 45 months above the high end of the guidelines range that the Government urges the Court to apply. The Sentencing Commission's records show that no similar offender has received an upward variance of any kind in the last five years. The majority received a downward variance.

The presentence report calculates Mr. Sturdivant's total offense level as 16, which, with a criminal history category of I, yields a guidelines range of 21-27 months plus a mandatory 24 months—a total range of 45 to 51 months in prison. *See* PSR ¶¶ 68-70. The PSR accurately reports that, during the last five years, offenders with the same guidelines calculation received an average sentence of 38 months and a median sentence of 36 months in prison. *See id.* ¶ 100.

Additionally, of all offenders in the last five years with the same guidelines calculation, including a mandatory 24 months under 18 U.S.C. § 1028A, none received an upward variance. Excluding the 22% of defendants who received a downward departure, the vast majority received a downward variance:



RESULT

**FILTER SELECTED:**

| | |
|---|---|
| Guideline: | §2B1.1 |
| Final Offense level: | 16 |
| Criminal History Category: | I |
| Guideline Range: | 21-27 |

**FEDERAL DEFENDANTS IN SELECTED CELL**

During the last five fiscal years (FY2019-2023), there were 52 defendants whose primary guideline was §2B1.1 and who were convicted of at least one count of 18 U.S.C. § 1028A, with a Final Offense Level of 16 and a Criminal History Category of I, after excluding defendants who received a §5K1.1 substantial assistance departure. For the 52 defendants (100%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 38 month(s) and the median length of imprisonment imposed was 36 month(s).

**Sentence Imposed Relative to the Guideline Range for Defendants in Selected Cell**
Fiscal Year 2019-2023
■ Within Range  ■ Downward Departure or Variance  ■ Upward Departure or Variance  ■ §5K1.1 Substantial Assistance

**Note:** The figure includes the 67 defendants reported to the Commission whose primary guideline was §2B1.1, with a Final Offense Level of 16 and a Criminal History Category of I, including defendants who received a §5K1.1 substantial assistance departure. Cases missing information necessary to complete the analysis were excluded from this figure. Defendants who received a §5K1.1 substantial assistance departure are included in this analysis but are excluded from other analyses below. As such, the number of defendants included in this analysis may exceed the number of defendants in other analyses. Total percentages displayed in the figure may not sum to 100% due to rounding.

Source: U.S. Sentencing Comm'n, Judiciary Sentencing Information (JSIN), https://jsin.ussc.gov/analytics/saw.dll?Dashboard.

Additionally, to remain consistent with the position it has taken regarding Mr. Sturdivant's codefendants, the Government in its sentencing memorandum asks the Court to apply a lower total offense level—14—which would yield a guidelines range of 15-21 months plus a mandatory 24 months—a total guidelines range of 39 to 45 months in prison. *See* Dkt. Entry 129, Gov't Sentencing Mem. at 3. During the last five years, offenders that that guidelines calculation received an average sentence of 35 months and a median sentence of 36 months in prison. *See* U.S.

Sentencing Comm'n, Judiciary Sentencing Information (JSIN), https://jsin.ussc.gov/analytics/saw.dll?Dashboard. Again, of all offenders in the last five years with the same guidelines calculation, including a mandatory 24 months under 18 U.S.C. § 1028A, none received an upward variance. Excluding the 19% of defendants who received a downward departure, the vast majority received a downward variance:



Source: U.S. Sentencing Comm'n, Judiciary Sentencing Information (JSIN), https://jsin.ussc.gov/analytics/saw.dll?Dashboard.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

*/s/ Christian J. Grostic*
CHRISTIAN J. GROSTIC
Assistant Federal Public Defender
Ohio Bar: 0084734
1660 West Second Street, #750
Cleveland, OH 44113
(216)522-4856 Fax:(216)522-4321
E-mail: christian_grostic@fd.org